UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

                      Plaintiff,

                                                   24-cv-9013 (PKC)

             -against-                                      ORDER

DELOITTE CONSULTING, LLP,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        The Complaint asserts federal question jurisdiction, and, alternatively, subject matter jurisdiction based on diversity of citizenship. (Compl't ¶¶ 5-6.) "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc., 87 F.3d 44, 47 (2d Cir. 1996). "It is axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Washington Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 133 (2d Cir. 2020) (quotation marks omitted).

        Where a complaint premised upon diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business

of any corporate entities that are members of the limited liability company.  See <u>Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.</u>, 943 F.3d 613, 615 (2d Cir. 2019).  Where a complaint premised upon diversity of citizenship names a natural person as a party, it must allege the citizenship of the natural person as determined by domicile.  <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000).  Similarly, a complaint premised on diversity of citizenship must allege the citizenship of all members of a limited liability partnership, including both general partners and limited partners.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990); <u>Handelsman v. Bedford Village Assocs. LP</u>, 213 F.3d 48, 52 (2d Cir. 2000); <u>Monitronics Funding LP v. Pinnacle Sec., LLC</u>, 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012) ("A limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction.") (Koeltl, J.).

The Complaint asserts that plaintiff Multi-State Partnership for Prevention, LLC is a limited liability company whose single member is Tiffany Tate.  (Compl't ¶ 1.)  The Complaint does not identify Tate's state of domicile.  The Complaint also does not identify the citizenship of the members of defendant Deloitte Consulting, LLP, which is alleged to be a limited liability partnership.  (Compl't ¶ 2.)

Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon Deloitte Consulting, LLP as to the citizenship of all natural persons who are its members, and if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  The defendants shall serve their responses to the interrogatory within fourteen (14) days.

Within forty-five (45) days of this Order, the plaintiff shall amend its complaint to correct the jurisdictional deficiencies by truthfully and accurately alleging the citizenship of the

defendant limited liability partnership and the citizenship of Tiffany Tate, who is alleged to be the sole member of the plaintiff limited liability company.  If, by this date, the plaintiff fails to allege complete diversity of citizenship, the Complaint's allegation of subject matter jurisdiction premised on diversity of citizenship will be stricken.

    SO ORDERED.

                                          P. Kevin Castel
                                     United States District Judge

Dated: New York, New York
       December 3, 2024