# NEWMAN LAW OFFICES

www.newmanlawoffices.com

**Washington, DC Office**
1717 K Street, NW; Suite 900
Washington, DC 20006
(202) 544-8040

**Portland, Oregon Office**
1050 SW 6th Avenue, Suite 1100
Portland, Oregon 97204
(503) 535-8040

Facsimile: (866) 544-8040

Howard A. Newman, Esq.*
howard@newmanlawoffices.com

*Licensed in OR, DC, MD and FL

May 19, 2025

**VIA ECF**

Hon. P. Kevin Castel
U.S. District Court for the Southern District of New York
500 Pearl Street; Courtroom 11D
New York, New York 10007-1312
(212) 805-0262
CastelNYSDChambers@nysd.uscourts.gov

RE: *Multi-State Partnership for Prevention, LLC v. Deloitte Consulting, LLP, et al.*
Case No. 1:24-cv-09013-PKC (S.D.N.Y.)
Letter Motion to Seal Limited Portions of Third Amended Complaint

[Handwritten annotations: "Letter motion at ECF 37 should be terminated." "The Court provisionally approves the redactions in the Third Amended Complaint which will be subject to further Orders of the Court as the case progresses." "SO ORDERED. [signature] USDJ 6-9-25"]

Dear Judge Castel:

I represent Multi-State Partnership for Prevention, LLC ("**MSPP**") in the above-referenced matter, which alleges, *inter alia*, Deloitte's misappropriation of MSPP's trade secrets and confidential information. ***See generally*** **Dkt. No. 30** ("***Second Amended Complaint***" or "***SAC***"). On May 5, 2025, this Court granted MSPP leave to amend the SAC by today. **Dkt. No. 36.** Also, this Court vacated an Initial Pre-Trial Conference ("***IPC***") set for May 16, 2025, and ordered that the IPC would "be rescheduled after the determination of [an] anticipated motion to dismiss." **Dkt. No. 36** (meaning that there is no next conference currently scheduled). MSPP requests that this Court enter an order sealing the identified limited portions of the Third Amended Complaint ("***TAC***") (collectively, the "***Motion***").

This Court's rules permit a motion to seal via letter motion (and without a pre-motion letter). **Ind. Pract. Civ. Cases 3(A)(i)(i)**; *see also id.* at 5(B) (requiring public filing of letter motion that "must explain the particular reasons for seeking to file [particular confidential] information under seal"); **S.D.N.Y. Standing Order, 19-mc-00583** (providing for electronic filing of proposed sealed document only if a judge's individual practices allow for same). This Motion does not include confidential information but does explicate the bases for filing the TAC under partial seal. **Ind. Pract. Civ. Cases 5(B)(i)**. Pursuant to this Court's rules, the proposed partially sealed TAC is being contemporaneously filed with and (on the docket) related to this Motion, and a redacted copy publicly filed. *See id.* at 5(B)(ii-iii).

Hon. P. Kevin Castel
*Multi-State Partnership for Prevention, LLC v. Deloitte Consulting, LLP, et al.*
Case No. 1:24-cv-09013-PKC
May 19, 2025

**Reasons for Seeking to File Limited Portions of TAC Under Seal**

MSPP's Third Amended Complaint includes specific identification of and details concerning various MSPP's trade secrets and other confidential information, all of which were disclosed to, and as alleged in the TAC, misappropriated by Deloitte. MSPP's redactions in its TAC are both minimal and necessary to protect from disclosure MSPP's trade secrets, including its confidential information that is part of MSPP's combination trade secret. The value of such information would be lost if it were made available to the public, including to MSPP's business competitors. *See Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing of "sensitive business information [] outweighs the public's right to access this information"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236 at *2 (S.D.N.Y. Nov. 5, 2014) (reiterating the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage" justifies sealing). Indeed, this Court has recognized the propriety of sealing filings in analogous situations. *Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc. et. al.*, (Civ. No. 1:23-cv-09000-PKC-SDA), at Dkt. No. 218 (S.D.N.Y Feb. 21, 2025). The public interest in the proprietary details in the TAC is minimal and does not outweigh MSPP's legitimate interest in protecting its competitively sensitive and economically valuable trade secrets and confidential information. MSPP does not seek to seal publicly available information.

Based on the foregoing, MSPP respectfully requests that the Court enter an order sealing the limited portions of the TAC.

Very truly yours,

*/s Howard A. Newman/*

Howard A. Newman

xc: Robert Friedman, Esq., Joshua Schlenger, Esq., and Sylvia Waghorne, Esq., *counsel for Defendant, Deloitte Consulting LLP* (via ECF)